LÜISA BRUNET DE DE LA HABA, ETC., Plaintiff and Appellee, v. HEIRS OF ANTOLÍN NIN MARTÍNEZ, ETC., Defendant and Appellant.

No, 7933. Argued February 12, 1939.—Decided April 25, 1939.

Edelmiro Soldevila for appellant. Luis Ríos Algarín for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The plaintiff-appellee has moved the dismissal of the appeal filed by the defendant María de Los Ángeles Nin. She claims that the appealed judgment was rendered in a suit to recover a debt secured by mortgage, contracted by Antolín Nin Martínez, the defendant's father. That judgment by default was given against all the defendants except the appellant, who filed an answer, but who at the time of the hearing said to the court that she desisted from her answer, and the case was submitted to the court on the plaintiff's evidence.

.The latter maintains that the appeal filed by the defendant and appellant is frivolous for the following reasons:

"(a) Because this case deals with a complaint to recover a mortgage by the ordinary proceedings and the defendant has not presented any evidence, and there is no issue of fact or law to be determined by this Court, it being the only motive and reason for this appeal to hinder and retard the recovery and execution of the judgment, knowing that the sum claimed is a liquidated, true and collectable obligation, which has never been paid by the appellant.

"(b) That the appellant desisted from her answer, as is shown clearly by the judgment rendered, and there is no issue for this Honorable Court to pass upon.

"(c) That the judgment rendered in this case is tantamount to a voluntary surrender of her pleadings by the appellant and is not appealable."

In opposition to the appellee's motion the appellant has filed another in which she points out certain faults in the evidence which, if true, would cause the reversal of the judgment.

It is an indisputed fact that this is an action to recover a debt whose genuineness is shown by a mortgage deed, and once the existence of the debt is demonstrated, the proof of its payment falls upon the debtor. Section 1168 of the Civil Code, 1930 edition. But in this proceeding the action is not taken against the original debtor, but against his supposed heirs, and such being the case, in addition to the existance of the debt, it is necessary to prove the facts evincing that the defendant is liable for the account claimed. We have not been shown a copy of the complaint to enable us to determine what kind of action was brought. While from the motion to dismiss it is inferred that the action is one to collect a mortgage by the common proceedings, the defendant maintains in her brief that the action brought is the personal one for collection of debts.

Neither has a transcript of evidence or statement of the case been presented to enable us to determine whether all the essential pleadings of the complaint were proved. The

fact that a defendant desists from his answer and refuses to offer evidence does not release the plaintiff from his duty to prove his case.

As the party who requests that an appeal should be dismissed on the grounds of frivolity has to prove the alleged frivolity, and the appellee has not proved it the dismissal should be denied.